AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
ELIBERSO VASQUEZ-VASQUEZ
a.k.a Eliverso Vasquez-Vasquez

*Defendant(s)*

Case No. 6:25-mj-1120

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of January 4, 2025 in the county of Seminole in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

SA Mark Annotti, ICE
*Printed name and title*

Sworn to before me over the telephone or reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 2/10/25

Leslie Hoffman Price
*Judge's signature*

City and state: Orlando, Florida

LESLIE HOFFMAN PRICE, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA** **CASE NO. 6:25-mj- 1120**

**COUNTY OF ORANGE**

**AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT**

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 21 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On January 4, 2025, the Sanford Police Department (SPD) arrested **Eliberso VASQUEZ-VASQUEZ**, a/k/a Eliverso VASQUEZ-VASQUEZ, and booked him into the Seminole County Jail (SCJ) based on a state criminal charge of battery domestic violence (case: 59-2025-MM-000062). Following his arrest, the SCJ booking system automatically forwarded **VASQUEZ-VASQUEZ's** information to the ACRIMe (Alien Criminal Response Information Management System) national database.

4. On or about January 5, 2025, DO Ralph Angulo identified **VASQUEZ-VASQUEZ's** information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. DO Angulo filed an ICE immigration detainer on **VASQUEZ-VASQUEZ** with the SCJ.

5. On or about January 5, 2025, DO Angulo contacted the Florida Department of Law Enforcement (FDLE), Biometric Service Section, and requested/received **VASQUEZ-VASQUEZ's** fingerprints relating to the SCJ booking on January 4, 2025. On January 6, 2025, DO Angulo submitted this set of fingerprints to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **VASQUEZ-VASQUEZ** and his unique FBI number.

6. On January 13, 2025, ICE picked up **VASQUEZ-VASQUEZ** from SCJ and transported him to the ERO office in Orlando. Due to the lack of immigration detention bedspace in Miami, **VASQUEZ-VASQUEZ** was enrolled in the ERO

Alternates to Detention (ATD) program, affixed with a GPS monitoring bracelet/device (Model LOC8XT; Serial Number: 1822833), and released from immigration custody.

7. On January 15, 2025, ICE received a tamper alarm from the **VASQUEZ-VASQUEZ's** GPS monitoring bracelet/device. A damaged GPS monitoring bracelet/device was later recovered on the bank of Jaanu Lake near Woodway Drive/Central Florida Parkway in Orlando. The total value of all GPS equipment issued and damaged or not recovered is $2480. ERO management forwarded **VASQUEZ-VASQUEZ's** case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

8. A review of various databases and ICE records disclosed that **VASQUEZ-VASQUEZ** has an Alien File Number (A xxx xxx 594). He was born in 1999, in Cuilco, Huehuetenango, Guatemala. He is a citizen of Guatemala and not a citizen of the United States. On February 18, 2016, **VASQUEZ-VASQUEZ** was administratively ordered deported/removed from the United States to Guatemala. **VASQUEZ-VASQUEZ** was physically removed from the United States to Guatemala on March 8, 2023.

9. **VASQUEZ-VASQUEZ** has never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

10. Based on the foregoing, there is probable cause to believe that on January 4, 2025, **VASQUEZ-VASQUEZ** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a).

This concludes my affidavit.

Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Affidavit submitted by email and attested to me as true and accurate by videoconference consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this 10th day of February 2025.

LESLIE HOFFMAN PRICE
United States Magistrate Judge